**Rosalind SQUIRES, Minor, by her Guardian Ad Litem, Nelson Squires, et al.**

v.

**The BLADEN COUNTY BOARD OF EDUCATION, a public body corporate of Bladen County.**

**Civ. No. 1511.**

United States District Court,
E. D. North Carolina,
Wilmington Division.

Aug. 10, 1971.

George H. Sperry, Burney, Burney, Sperry & Barefoot, Wilmington, N. C., for plaintiffs.

Worth H. Hester, Elizabethtown, N. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BUTLER, Chief Judge.

This is a civil action instituted by white students for injunctive relief alleging that the defendant, Board of Education, has assigned them on the basis of their race from a racially integrated school to a segregated school, and that as a result of such reassignment, plaintiffs will be required to travel over dangerous bridges and roads. Other claims alleged in the Complaint have been abandoned.

Upon the record, evidence and stipulation of the parties, the court makes the following

## FINDINGS OF FACT

1. That the minor plaintiffs are members of the white race residing in Bladen County, North Carolina, and at the beginning of the 1970–71 school year were assigned by the defendant to attend public schools in Bladen County, Columbus County and Pender County.

2. That the minor plaintiffs were reassigned by the defendant to the East Arcadia School in Bladen County, effective January 4, 1971, under a plan adopted by the defendant in compliance with an agreement between the defendant, the Department of Health, Education and Welfare and the United States Department of Justice, to desegregate its public schools. Under the approved plan all children in grades 1 through 8, residing in the East Arcadia attendance zone, are to attend East Arcadia School without regard to race.

3. That prior to said reassignment the East Arcadia School was composed of 93.6% Negro students and 6.4% white students, and that after said reassignment it was composed of 84.9% Negro students and 15.1% white students, and that said reassignment had the net effect of further integrating or desegregating the East Arcadia

School by increasing the ratio of white students to black students assigned to said school, and that the reassignment of the plaintiffs by the defendant had no appreciable effect on the racial composition of the students in the schools from which they were reassigned.

4. That students attending East Arcadia School are now being transported over the identical routes over which children must travel under the proposed plan; that children are now being transported through the intersection of Highways Numbers 141 and 87 at which there has been some fatal accidents. It does not appear that there has at any time been an accident at this particular intersection in which any school bus has been involved or that has resulted in the injury of any school child. The fact that this is an area that has a high incidence of fog from time to time, and that the Highway Department has provided warning signs and flashing lights to alert travelers to the hazards of the fog is a situation over which the school board has no control. School bus drivers have been alerted to the hazards incident to this condition. These bus routes have been utilized in the past and must, of necessity, be utilized in the future to transport children to East Arcadia School.

## CONCLUSIONS OF LAW

█ 1. In order for school boards to correct legally imposed racial segregation of schools, it is necessary that school boards consider race in the assignment of students to fulfill their constitutional obligation to eliminate existing dual school systems. North Carolina State Board of Education, et al. v. Swann, et al., 402 U.S. 43, 91 S.Ct. 1284, 28 L.Ed.2d 586 (1971). "In this remedial process, steps will almost invariably require that students be assigned 'differently because of their race'." McDaniel, et al. v. Barresi, et al., 402 U.S. 39, 91 S.Ct. 1287, 28 L.Ed. 2d 582 (1971).

█ 2. That the reassignment of the plaintiffs does not expose them to any hazards of travel to the place of assignment other than natural conditions over which the defendant has no control.

Now, therefore, it is ordered that the preliminary injunction issued by the Superior Court of Bladen County on January 7, 1971, be and the same is hereby dissolved, and the Complaint is hereby dismissed.

It is further adjudged that the defendant have and recover of plaintiffs its costs expended in this cause to be taxed by the Clerk of this court.